The Chief Justice delivered the unanimous Judgment of the Court.
M'Kean, Chief Justice,
We are happy that this cause has come before us so recently after the passing of the act of Assembly; as, by an early settlement of the practice, much uncertainty and litigation may be avoided.
There are two grounds upon which, we are clearly of opinion, this Judgment ought to be set aside. The first is, that though it has been entered, in pursuance of a warrant of Attorney, after the passing of the law, yet the Bond is of a prior date; and we find it expressly enacted, “that no suit or action shall be commenced in the “said Supreme Court for any debt or cause which arose before the “passing of this act, except suits of the Commonwealth, and such “wherein the title of land, or other real estate, may come in ques-“tion.” For this reason, therefore, we think that the Judgment could not have been entered up, even in the county of Philadelphia.
But, in the second place, whatever doubts may formerly have been entertained, it is certain that, after the 2d of January 1787, the original jurisdiction of the Supreme Court is, by the 4th Section of the same act, restricted to the county of Philadelphia; and this Judgment being entered, at a subsequent period, in the Supreme Court as of the county of Bucks, there can be no doubt, that the proceedings are, likewise, on that account, erroneous and irregular.
The intention of the Legislature was, evidently, to prohibit the entering up Judgments on bonds &c. by virtue of warrants of Attorney in that Court, which should affect the lands of the party in any other county than Philadelphia; and the consequences would be so injurious, that, even if we could, we ought not to admit a different construction of the act. For, if one Judgment were entered in Washington county, and another here, on the same day, by what principle could we determine, which of those Judgments had the prior lien? The question would be productive of great perplexity in the admi *292 nistration of justice; and might eventually prevent the transfer of land, which it is the policy of this country to facilitate and encourage.
With respect to the other objections;—the Court might give the Defendant leave to amend his plea, so as to remove the difficulty, which arises from the assignment of the errors in fact. And, though the question on the extent of the warrant of Attorney, would require some consideration, yet, it is a rule, that the acts of the parties, as well as acts of Parliament, shall be liberally construed to promote the remedy. I have, therefore, no doubt, that if the Judgment had been entered in the Supreme Court of the state of New-Jersey, it would be deemed good there; although that Court is not similar to the Court specifically named in the warrant. But it is unnecessary to pronounce any determination upon these points, as our opinion is unanimous, for the other reasons which have been mentioned.
Let the Judgment be reversed.
Swift suggested, that, as the Judgment had been entered coram non judice, the Plaintiff had been wantonly driven to bring the writ of Error, and might, therefore, be entitled to costs.
But, by M'Kean, Chief Justice.—If you had moved the Court below, the same decision would have taken place; and the act of Assembly is positive, that on the reversal here of a Judgment, each party shall pay his own costs. See 2 State Laws. 273. Sect. 7.